FILED         ENTERED
LOGGED        RECEIVED

JUL 0 6 2007

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID S. JOHNSON, #267-852<br>Petitioner,<br><br>v.<br><br>JON GALLEY, and<br>THE ATTORNEY GENERAL OF THE<br>STATE OF MARYLAND<br>Respondents. | *<br><br>*<br><br>*   CIVIL ACTION NO. WMN-06-973<br>*<br><br>*<br><br>* |

******

## MEMORANDUM

Before the court is the *pro se* Petition for Writ of Habeas Corpus filed by David S. Johnson (Paper No. 1), Respondents' Answer and exhibits (Paper No. 11), and Petitioner's Response thereto. (Paper No. 19). After reviewing these papers, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. § 2254(e)(2). For reasons set forth below, the court denies relief and dismisses the Petition with prejudice.

### Procedural History

By criminal information filed September 20, 1995, in the Circuit Court for Allegany County, Petitioner was charged with multiple counts of burglary in the second degree, multiple counts of malicious destruction of property, multiple counts of theft, and single counts of possession of burglar tools and resisting arrest. In April, 1996, a jury convicted him of three counts of second-degree burglary, two counts of malicious destruction of property, and single counts of felony theft, possession of burglar tools, and resisting arrest. (Paper No. 11, Exhibit 1 and Exhibit 2 at 1). Several counts were dismissed by the trial judge on Petitioner's motion for judgment of acquittal,

and the jury hung on the remaining counts. (*Id.*, Exhibit 1). Petitioner received an aggregate sentence of 35 years incarceration. The convictions were reversed in an unreported opinion filed January 8, 1997, after the Court of Special Appeals of Maryland found that extrajudicial and in-court identifications of Petitioner by witness Glenn Jackson should have been suppressed. (*Id.*, Exhibit 2).

Petitioner represented himself at his second trial commencing August 20, 1997. The jury found him guilty of three counts of second-degree burglary, two counts of malicious destruction of property, and single counts of theft, possession of burglar tools, and resisting arrest. (*Id.*, Exhibit 3 at 143-46). The next day he was sentenced to consecutive ten-year terms of incarceration for each of two of the burglaries (the third burglary sentence being merged), a consecutive one-year term for theft, consecutive sixty-day terms for each of the malicious destruction convictions, a concurrent three-year term of possession of burglar tools, and a consecutive three-year term for resisting arrest. (*Id.*, Exhibit 4 at 6-8).

Leave to file a belated appeal was granted, and Petitioner through counsel raised four issues, to wit:

1. Whether the evidence was sufficient to support the convictions;
2. Whether the evidence supported a finding of guilt beyond a reasonable doubt;
3. Whether the trial court erred in refusing to grant Petitioner's motion for acquittal; and
4. Whether Petitioner was a victim of improper prosecution which denied him due process of law.

(*Id.*, Exhibit 6 at 3). On June 27, 2000, the Court of Special Appeals issued an unreported opinion upholding the convictions. (*Id.*, Exhibit 8). Petitioner, acting both *pro se* and through counsel,

sought *certiorari* to the Court of Appeals of Maryland based on the previously-raised issues, and also posited whether "the mere fact that a break-in occurred in a nearby location provides sufficient 'evidence' to support a conviction for a second, unrelated, breaking, whether there is no other evidence to connect the accused with such crime?" (*Id.*, Exhibit 10 at 1). On October 18, 2000, the Court of Appeals denied both the *pro se* and counseled petitions. (*Id.*, Exhibit 12).

On January 16, 2001, Petitioner initiated post-conviction proceedings in the Circuit Court for Allegany County. In a *pro se* and counseled petition as supplemented, he alleged:

1. The evidence was insufficient to convicted him beyond a reasonable doubt;

2. He received ineffective assistance of counsel on appeal;

3. The jury considered extraneous evidence; and

4. His waiver of counsel at trial was invalid and appellate counsel rendered ineffective assistance by not raising the issue on appeal.

(*Id.*, Exhibits 13, 14 and 18).

At his June 19, 2001, hearing, Petitioner limited the issue presented to whether appellate counsel was ineffective in failing to challenge his waiver of counsel at trial. (*Id.*, Exhibit 15). Relief was denied by written decision dated July 23, 2001. (*Id.*, Exhibit 16). Petitioner sought leave to appeal to the Court of Special Appeals on the ground that appellate counsel rendered ineffective assistance by failing to challenge the trial court's noncompliance with Maryland Rule 4-215(a) before finding Petitioner had waived his right to counsel.[1] (*Id.*, Exhibit 17). After initially denying

---

[1]That Rule provides:

> At the defendant's first appearance in court without counsel, or when the defendant appears in the District Court without counsel, demands a jury trial, and the record does not disclose prior compliance with this section by a judge, the court shall:
>
> (1) Make certain that the defendant has received a copy of the charging document

the application, the Court of Special Appeals granted leave to appeal. (*Id.*, Exhibit 18). After briefing, the Court affirmed the decision of the post-conviction court in an unreported opinion filed October 3, 2003. (*Id.*, Exhibit 21). Further review by the Court of Appeals was denied on December 19, 2003. (*Id.*, Exhibits 22 and 23).

Petitioner filed a second post-conviction request on March 11, 2004, alleging that his sentence was imposed in violation of Maryland law, the trial court lacked jurisdiction to impose sentence, and the prosecutor knowingly elicited perjured testimony. (*Id.*, Exhibit 24). The Circuit Court denied the request as an unauthorized second petition for post-conviction relief on May 6, 2004. (*Id.*, Exhibit 25). Petitioner sought leave to appeal the ruling, challenging his "illegal sentence." (*Id.*, Exhibit 26). Leave to appeal was summarily denied by the Court of Special Appeals on January 11, 2005. (*Id.*, Exhibit 26). The mandate issued on February 14, 2005. (*Id.*, Exhibit 27).

On October 29, 2004, Petitioner sought to reopen post-conviction proceedings, alleging that trial and appellate counsel were ineffective, he was denied due process and equal protection of the law, and he was subject to an illegal sentence. (*Id.*, Exhibit 28). On May 5, 2005, he filed a second

---

        containing notice as to the right to counsel.

(2)    Inform the defendant of the right to counsel and of the importance of assistance of counsel.

(3)    Advise the defendant of the nature of the charges in the charging document and the allowable penalties, including mandatory penalties, if any.

(4)    Conduct a waiver inquiry pursuant to section (b) of this Rule if the defendant indicates a desire to waive counsel.

(5)    If trial is to be conducted on a subsequent date, advise the defendant that if the defendant appears for trial without counsel, the court could determine that the defendant waived counsel and proceed to trial with the defendant unrepresented by counsel.

The Clerk shall note compliance with this section in the file or on the docket.

motion to reopen, again alleging ineffective assistance of trial and appellate counsel. (*Id.*, Exhibit 29). The motions were denied by the Circuit Court on June 6, 2005. (*Id.*, Exhibit 30). Leave to appeal the denial based on ineffective assistance of appellate and post-conviction counsel was summarily denied on December 23, 2005, with the Court of Special Appeals' mandate issuing on January 30, 2006. (*Id.*, Exhibits 31 and 32).

On April 11, 2006, Petitioner sought habeas corpus relief in this Court, asserting that:

1. He was denied his Sixth Amendment right to counsel because his counsel waiver was not knowing and voluntary;

2. His appellate counsel was ineffective for failing to challenge the propriety of his counsel waiver on direct appeal;

3. Maryland's application of the concept of reasonable doubt violated his right to due process;

4. The trial court violated his right to due process by prohibiting him from pursuing his prosecutorial misconduct claim; and

5. He was denied effective access to legal materials in violation of the First Amendment.

(Paper No. 1).

### Threshold Considerations

#### Timeliness

Respondents do not contend, and the court does not find, that the Petition was filed outside the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1).

#### Exhaustion of State Remedies

Under *Rose v. Lundy*, 455 U.S. 509 (1982), those petitioning for federal habeas corpus relief must first exhaust each claim by pursuing remedies available in state court. This exhaustion

requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. §§ 2254(b)-( c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). In Maryland, this may be accomplished by proceeding with certain claims on direct appeal (and thereafter seeking *certiorari* to the Court of Appeals) and with other claims by way of a post-conviction petition, followed by petitioning the Court of Special Appeals for leave to appeal. Petitioner no longer has any state direct review or collateral review remedies available to him with respect to the claims raised in this court and accordingly, his claims will be considered exhausted for the purpose of federal habeas corpus review.

**Procedural Default**

Respondents contend that Petitioner's first, third, fourth, and fifth claims should be rejected on procedural default grounds. The court concurs. The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). In *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), the Supreme Court held that consideration of a claim in a petition for habeas corpus can be barred by failure to comply with state procedural rules, unless the petitioner makes a showing of cause for the failure and prejudice resulting from the failure. In *Harris v. Reed,* 489 U.S. 255, 267 (1989), the Court emphasized that a federal court has the responsibility to determine whether a state court in fact based its denial of relief on procedural grounds. In *Teague v. Lane*, 489 U.S. 288, 299 (1989), however, the Court determined that the rule announced in *Harris v. Reed* assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding. *See id.* at 299. Thus, claims which have never been presented in the state courts -- or claims which

requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. §§ 2254(b)-( c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). In Maryland, this may be accomplished by proceeding with certain claims on direct appeal (and thereafter seeking *certiorari* to the Court of Appeals) and with other claims by way of a post-conviction petition, followed by petitioning the Court of Special Appeals for leave to appeal. Petitioner no longer has any state direct review or collateral review remedies available to him with respect to the claims raised in this court and accordingly, his claims will be considered exhausted for the purpose of federal habeas corpus review.

**Procedural Default**

Respondents contend that Petitioner's first, third, fourth, and fifth claims should be rejected on procedural default grounds. The court concurs. The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). In *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), the Supreme Court held that consideration of a claim in a petition for habeas corpus can be barred by failure to comply with state procedural rules, unless the petitioner makes a showing of cause for the failure and prejudice resulting from the failure. In *Harris v. Reed,* 489 U.S. 255, 267 (1989), the Court emphasized that a federal court has the responsibility to determine whether a state court in fact based its denial of relief on procedural grounds. In *Teague v. Lane*, 489 U.S. 288, 299 (1989), however, the Court determined that the rule announced in *Harris v. Reed* assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding. *See id.* at 299. Thus, claims which have never been presented in the state courts -- or claims which

were not exhausted properly in the state courts -- are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *See Johnson v. Maryland*, 915 F.2d 892, 895 (4th Cir. 1990).

Claim One (denial of Sixth Amendment right to counsel), Claim Four (trial court violation of due process restricting Petitioner from pursuing a prosecutorial misconduct claim) and Claim Five (denial of access to legal materials in violation of the First Amendment)[2] were not pursued in Petitioner's initial post-conviction proceedings. (Paper No. 11, Exhibits 13-15). Claim Three concerning the application of reasonable doubt was not specifically raised on post-conviction review, and differs substantively from the challenge to the sufficiency of the evidence raised by Petitioner on direct appeal.[3] (Paper No. 11, compare Exhibits 12-16). These claims therefore are procedurally defaulted.

This finding, however, does not present an absolute bar to consideration of the claims. A federal court may consider the merits of procedurally defaulted claims if a petitioner shows either cause for the procedural default and actual prejudice arising out of the violation of federal law, *see Wainwright,* 433 U.S. at 87, or a resulting fundamental miscarriage of justice if the federal court does not consider the claims. *See Gray v. Netherland*, 518 U.S. 152, 160 (1996); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has not met the first exception to the procedural default doctrine by showing cause for the default. The second exception, the miscarriage of justice standard, is directly linked to innocence. *See Schlup v. Delo*, 513 U.S. 298, 320 (1995). Innocence is not an

---

[2] The court also finds this claim does not state a viable claim for relief under 28 U.S.C. § 2254. The court reserves judgment as to whether such claim may be viable under the civil rights statutes.

[3] In any event, the evidence was sufficient to support Petitioner's convictions under *Jackson v. Virginia*, 443 U.S. 307 (1979).

independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.*; *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986). To meet this standard Petitioner must show it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Id.*

*Schlup* observes that:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.

*Id.* at 324; *see also House v. Bell*, 126 S. Ct. 2064, 2077-78 (2006).

Petitioner has failed to present such evidence, and review of the record does not suggest that it exists. Thus, Petitioner has failed to overcome the procedural bar, and Claims One, Three, Four and Five are procedurally defaulted and foreclosed from federal habeas review.

### Standard of Review

Because this Petition was filed after April 24, 1996, it is to be decided under amendments to the habeas corpus statutes contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *Beck v. Angelone*, 261 F.3d 377, 380 n.3 (4th Cir. 2001). AEDPA modified the federal court's role in habeas proceedings in order to prevent federal "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *See Bell v. Cone*, 535 U.S. 685, 693 (2002). Pursuant to statute, a federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "contrary to" Supreme Court precedent if "the state court applies a rule that contradicts the governing law set forth in our cases." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).[4] Section 2254(d) also requires federal courts to give great deference to a state court's factual findings. *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct absent clear and convincing evidence to the contrary. A petitioner has the burden of rebutting the presumption of correctness, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *see also Stroud v. Polk*, 466 F.3d 291, 295 (4th Cir. 2006). Using this framework, the undersigned now examines Petitioner's remaining claim.

## Analysis of Petitioner's Undefaulted Claim

## Ineffective Assistance of Appellate Counsel

---

[4] Although § 2254(d) is a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997), "which demands that state court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curium*), a state court decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 at 412-413. A state court decision is based on an "unreasonable application" of clearly established federal law when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409-410; *see also Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003); *Booth-el v. Nuth*, 288 F.3d 571, 575 (4th Cir. 2002).

A criminal defendant's right to effective assistance of counsel is protected by the Sixth Amendment to the United States Constitution. Constitutionally ineffective assistance of counsel claims are governed by standards established in *Strickland v Washington*.[5] To prevail on a claim of ineffective assistance of counsel, a petitioner must show his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *See Strickland*, 466 U.S. at 687. To demonstrate actual prejudice, a petitioner must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694.

There is a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. *See id.* at 688-89. A determination need not be made concerning the attorney's performance if it is clear that no prejudice would have resulted had the attorney been deficient. *See id.* at 697. In addition, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101(1955)).

In order to successfully bring an ineffective assistance claim in a § 2254 action Petitioner must:

> ...do more than show that he would have satisfied *Strickand'*s test if his claim were being analyzed in the first instance, because under § 2254 (d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. [citation omitted]. Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner .

---

[5] *Strickland v Washington* 466 U.S. 668 (1984); *see also Bell v. Cone*, 535 U.S. 695, 698-99 (2002) (explaining the interplay between *Strickland* and 28 U.S.C. § 2254(d)).

Even if it is determined that counsel committed a professionally unreasonable error, relief can be granted only if "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A federal writ can be granted only if a state court decision "was contrary to, or involved an unreasonable application of, clearly established" precedents of the Supreme Court. 28 U.S.C. § 2254(d)(1). This "unreasonable application" prong permits the writ to be granted when a state court identifies the correct governing legal principle but unreasonably applies it to the facts of a petitioner's case. *See Williams v. Taylor*, 529 U.S. at 413. For this standard to be satisfied, the state court decision must have been "objectively unreasonable," *id.* at 409, not just incorrect or erroneous.

Appellate counsel is not required to present all issues that may have some merit on direct appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). When deciding which issues are most likely to afford relief, appellate counsel is presumed to act reasonably in choosing the issues to present. *See Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993).

Petitioner claims appellate counsel failed to challenge the propriety of his counsel waiver, which Petitioner claims was invalid because the trial court failed to comply with Maryland Rule 4-215. The post-conviction court examined this claim and concluded Petitioner received all the advisements contained in the Rule before he discharged trial counsel at his second trial. (Paper No. 11, Exhibit 16). Because the advisements were given, appellate counsel had no basis to challenge that procedure on appeal. (*Id.*).

After full briefing and argument, the Court of Special Appeals affirmed the decision of the post-conviction court. After reciting the *Strickland* standard and related state court decisions, that

-11-

court reviewed the Rule and the record, finding as follows:

> A criminal defendant can discharge counsel only with the court's permission, pursuant to Rule 4-215(e). When the court grants such permission, it treats the defendant as having appeared in court without counsel, pursuant to 4-215(a). Accordingly, it then must: (1) ensure that the defendant has received a copy of the charging document, which includes a notice of the right to counsel; (2) inform the defendant of the importance of the right to counsel; (3) advise the defendant of the charges and the possible penalties; and (4) ensure that any waiver of counsel is informed and voluntary. *See* Md Rules 4-215(e); 4-215(a)(1)-(4). The court need not accomplish these four things if the "docket or file... reflect[s] prior compliance.
>
> Presuming, as the State and Johnson do, that the circuit court conformed with Rule 4-215 when it discharged counsel before the first trial, did that conformance relieve the court from completing a waiver inquiry before Johnson's second trial? That is, did the waiver from the first trial carry over to the second?
>
> The clear language of the Rule provides that any compliance shown in the docket or case file will carry over to a subsequent proceeding. Here, the docket entries of November 20, 1995, stated:
>
>> Initial Appearance Hearing (Judge Sharer) Defendant appeared in court with counsel. Defendant requests that appearance of Raymond G. Strubin, Esq., assistant public defender, be stricken. Court grants request and strikes appearance of public defender. Defendant advised of rights, right to counsel, pending charges and possible penalties if convicted. Defendant enters plea of not guilty and not criminally responsible and requests trial by jury.
>
> The docket entries for the first day of the first trial on April 2, 1996, provided, in part: "Defendant appeared in court without counsel. Defendant readvised of rights, right to counsel and possible penalty of all charges. Defendant waives right to counsel."
>
> The docket entries continue with Johnson's trial and sentencing, his appeal to this Court, our mandate, and the preparation for retrial. On the first day of the second trial, August 20, 1997, the trial court presumably opened the case file, read the earlier docket entries, and correctly concluded that a new, complete waiver inquiry was unnecessary.

> It is true that, following our reversal, Johnson faced the new trial on a clean slate. It is also true that Johnson's second trial differed from his first in at least two important ways: he faced a new – but shorter – set of charges, and he chose not to testify, as he had done earlier.[6] These circumstances did not deflate the court's earlier advice; we are confident that Johnson began the second trial with an understanding of his right to counsel, as well as the charges against him. Indeed, the law requires strict compliance with Rule 4-215, *Johnson v. State*, 355 Md. 420, 464 (1999), but it does not require repeated, strict compliance. Because there was not trial error, there could be no error on the part of appellate counsel and no post-conviction relief.

(Paper No. 11, Exhibit 21 at 5-7).

To prevail on his ineffective assistance of appellate counsel claim, Petitioner must show that the trial court improperly applied Rule 4-215, a State procedural requirement, in accepting his counsel waiver at his second trial. The Court of Special Appeals of Maryland examined this question in reviewing the decision reached by the post-conviction court, and concluded the procedural requirement was adequately met. This determination of a state procedural question is the province of the State, not federal, courts, and will not be disturbed here.[7] *See Estelle v. McGuire*, 502 U.S. 62, 67-75 (1991).

For the foregoing reasons, the instant Petition for Habeas Corpus Relief is denied and dismissed. A separate Order shall be entered accordingly.

6/30/07  
Date

William M. Nickerson

---

[6] The undersigned notes another significant difference. The first trial proceeded before a judge, while the second trial involved a jury.

[7] The Court notes, however, that Petitioner failed to argue, much less establish, actual prejudice arising out of the alleged violation of the Rule. To the extent Petitioner now alleges post-conviction counsel was ineffective for failing to argue that waiver of counsel was not knowing and voluntary, *see* Paper No. 19 at 13-14, ineffective assistance of post-conviction counsel is not an appropriate ground for federal post-conviction review. *See* 28 U.S.C. §2254(i); *Coleman v. Thompson*, 501 U.S. 722, 755-57 (1991); *Mackall v. Angelone*, 131 F.3d 442, 445-51(4th Cir. 1997 (*en banc*).

Senior United States District Judge